IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FREDERICK MARTIN,**

  **Petitioner,**

  v.          CASE NO. 13-3155-SAC

**REX PRYOR,**

  **Respondent.**

## O R D E R

The initial pleading docketed herein is entitled "Motion for Appointment of Counsel."[1] This matter has been liberally construed as a petition for writ of habeas corpus, 28 U.S.C. § 2254, filed by a state inmate. Petitioner has also filed a Motion to Clarify (Doc. 2) and a "Motion to Submit Further Suggestions in Support," which was docketed as petitioner's Motion to Supplement (Doc. 3). Having considered the materials filed, the court finds that this is a second or successive habeas corpus application, which is governed by 28 U.S.C. § 2244(a)-(b). The court further finds that Mr. Martin has not shown that he obtained preauthorization from the United States Court of Appeals for the Tenth Circuit to file this second or

---

[1] Mr. Martin actually submitted this "Motion for Appointment of Counsel" in his Case No. 87-3273 (Doc. 108) that has been closed since 1991. Like his other post-judgment motions filed in that case, this motion is not a "true post-judgment motion." Instead, it is another obvious attempt by Mr. Martin to obtain successive review of his state convictions. The only proper way for Mr. Martin to attempt to gain successive review of his state convictions is by filing a new § 2254 petition after he has obtained Circuit preauthorization for filing a successive application. It is not by repetitively filing improper motions in his long-closed case. He may not so easily avoid the statutory filing fee, the statutory restrictions on successive habeas petitions, or the statutory time limitation.

1

successive application as mandated by § 2244(b)(3). Accordingly, this action is dismissed for lack of jurisdiction.

**BACKGROUND**

In 1986, Mr. Martin was convicted of state offenses including first degree murder and aggravated kidnaping, and sentences were imposed that included two consecutive life terms. In 1987, he filed his first federal habeas corpus petition challenging these convictions. *See Martin v. Roberts*, Case No. 87-3273 (D.Kan. 1991). The petition was considered on the merits and denied. Petitioner appealed, and in 1992 the Tenth Circuit affirmed. Later that year, the United States Supreme Court denied petitioner's application for a writ of certiorari.

Since that time, Mr. Martin has filed other habeas petitions in this court that were successive as well as generated more than 30 additional docket entries in his 1987 closed case by filing various post-judgment motions. In his 1987 case and others, the Tenth Circuit has previously denied him authorization to file a successive petition. In August 2005 the Tenth Circuit, after noting Martin's repeated filings in that court (*Id.* Doc. 86), imposed a sanction of $250.00 and ordered that no further filings be accepted from Mr. Martin until that sanction was paid. Beginning in November 2005, this court also imposed case-specific filing restrictions upon Mr. Martin. Due to his failure to abide by those restrictions, Mr.

Martin has by separate order been prohibited from filing any additional motions or pleadings in Case No. 87-3273.

**DISCUSSION**

Mr. Martin has been repeatedly informed that in order to raise a successive challenge to his state convictions he must first obtain authorization from the Tenth Circuit Court of Appeals. It is clear from the pleadings filed in this case that he once again seeks to challenge his 1986 state convictions. The court finds that this action is an unauthorized successive application, petitioner does not show that he obtained Circuit preauthorization to file this application, and that it would not be in the interest of justice to transfer this application to the Tenth Circuit for authorization because it is out of time by more than two decades. Because Mr. Martin did not obtain preauthorization, this court does not have jurisdiction.

**IT IS THEREFORE ORDERED** that this habeas corpus action is dismissed.

**IT IS FURTHER ORDERED** that petitioner's Motion to Clarify (Doc. 2) and Motion to Supplement (Doc. 3) are granted to the extent that the allegations therein have been considered by the court, and otherwise are denied.

**IT IS SO ORDERED.**

Dated this 28th day of October, 2013, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**